**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES "CIANI LASHAY" FREEMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **AMAZON.COM SERVICES, LLC,** *et. al*, <br><br> Defendants. | Civil Action No. 24-8181 (ZNQ) (JTQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Amazon.com Services LLC ("Amazon" or "Defendant"). (ECF No. 17.) Defendant filed a brief in support. ("Moving Br.". ECF No. 17-1.) Plaintiff, who identifies as Ciani Lashay, ("Plaintiff") filed a brief in opposition, ("Opp'n Br.", ECF No. 18) and Defendant filed a reply ("Reply Br.", ECF No. 24.)

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Amazon's Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**[1]

    This is an employment harassment and discrimination case. Plaintiff is a transgender woman. (First Amended Complaint ("Amended Complaint") ¶¶ 1, 13, Ex. A to Notice of

---

[1] For the purposes of considering the Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Removal, ECF No. 1 at 23–40.)  From December 2022 to June 16, 2023, Plaintiff worked as an unarmed security officer at Amazon's PNE-5 facility in Robbinsville, New Jersey.  (*Id*. ¶¶ 6, 14.)  On March 12, 2023, Plaintiff disclosed to the regional account manager of Defendant Metro One Loss Prevention Service's Group ("Metro One"), Albert Rivera ("Rivera"), that she is a transgender woman and that the site manager had told Plaintiff's coworkers about her gender identity which she planned to keep private.  (*Id.* ¶¶ 19–23.)  Plaintiff expressed concern for her safety following the publicization of her gender identity.  (*Id.* ¶ 24.)

A Metro One human resources personnel contacted Plaintiff and Plaintiff raised the prospect of the site manager being moved off the PNE-5 job site.  (*Id*. ¶ 28.)  Plaintiff alleges that the site manager continued to work at the PNE-5 facility.  (*Id.* ¶ 31.)  Further, around April or May 2023, Plaintiff alleges that a supervisor position became available and that, as the most senior employee at PNE-5, Plaintiff should have been promoted but the position was given to a less senior male employee.  (*Id.* ¶¶ 32–34.)  On June 9, 2023, Plaintiff resigned.  (*Id.* ¶ 35.)

In July 2023, Metro One offered Plaintiff a position at the EWR-4 Amazon facility as an unarmed security officer and Plaintiff accepted.  (*Id.* ¶¶ 37, 38.)  Plaintiff worked at the EWR-4 facility from August 6, 2023, until November 30, 2023.  (*Id.* ¶ 39.)  During her first month at the EWR-4 facility, and on two separate occasions, the posted work schedule referred to Plaintiff as "Ciani *Charles* Freeman."  (*Id.* ¶ 40.)  Plaintiff contacted Metro One's regional manager, "Geo," to report that Plaintiff's Name is "Ciani", and Plaintiff should otherwise not be addressed as "Charles."  (*Id.* ¶ 42.)  In October 2023, another security officer verbally attacked Plaintiff and called her a series of slurs.  (*Id.* ¶ 43.)  Plaintiff immediately reported the altercation to Plaintiff's supervisor.  (*Id*. ¶ 50.)  Plaintiff filed a report and contacted Rivera.  (*Id*. ¶¶ 54, 58.)

On November 1, 2023, Plaintiff overheard another coworker call Plaintiff a "man" and that Plaintiff is "not Ciani, and not a woman." (*Id.* ¶ 60.) This time, another coworker reported these comments to HR. (*Id.* ¶ 62.) Plaintiff alleges that again no disciplinary action was taken. (*Id.* ¶ 63.) Then, on November 21, and November 23, respectively, a coworker took a photo of Plaintiff, and another coworker pulled Plaintiff's hair and otherwise assaulted her. (*Id.* ¶¶ 65, 67.)

On November 30, 2023, Plaintiff had an in-person meeting with Geo, the EWR-4 facility overnight shift supervisor, and two employees from Amazon loss prevention about Plaintiff's reports. (*Id.* ¶ 70.) In the end, Geo informed Plaintiff that Metro One needed to do further investigation and Plaintiff could not work until the investigation concluded. (*Id.* ¶ 74.) One week later, Geo informed Plaintiff that she violated Amazon policy and would not be asked to return to the EWR-4 facility, or any other job site. (*Id.* ¶¶ 76–77.) Prior to her termination, Plaintiff had never received any verbal or written complaints. (*Id.* ¶ 78.)

On June 6, 2024, Plaintiff filed an initial Complaint in the Superior Court of New Jersey, Mercer County, against Defendants Metro One, Amazon, Amazon Fulfillment Services, Inc., and John Does 1-5 and 6-10. (Ex. A to Notice of Removal; ECF No. 1 at 7–16.) Plaintiff filed her First Amended Complaint on June 28, 2024 (herein referred as the "Amended Complaint"). The Amended Complaint alleges: (1) gender-identity based harassment, in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12, (FAC ¶¶ 98–99); (2) gender-identity discrimination, in violation of NJLAD (*id.* ¶¶ 100–101; and (3) unlawful retaliation, in violation of NJLAD (*id.* ¶¶ 102–103). Plaintiff seeks a declaration that Defendants' practices violate New Jersey law and that she be reinstated with back pay. (*Id.* ¶¶ 107–108.)

On July 31, 2024, Amazon removed the matter to this Court on diversity jurisdiction grounds. (NOR, ¶¶ 6-7, ECF No. 1.) On September 13, 2024, Amazon filed the instant Motion.

3

## II.     SUBJECT MATTER JURISDICTION

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, a district court may grant a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Thus, to survive a motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Twombly,* 550 U.S. at 570. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). The court may, however, ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

4

IV.  **DISCUSSION**

The Amended Complaint alleges that Plaintiff was subject to harassment and discrimination in the workplace based on her gender identity and unlawful retaliation in violation of NJLAD.  In its Motion, Amazon argues that the Court should dismiss the Amended Complaint because it engages in group pleading whereby "many of the substantive allegations are made against 'Defendants' collectively."  (Moving Br. at 5.)  Amazon further argues that the harassment and discrimination claims against it fail because the Amended Complaint does not plausibly allege that Amazon employed Plaintiff.  (*Id*. at 6.)  Lastly, Amazon argues that the retaliation claim fails because the Amended Complaint does not plausibly allege that Plaintiff engaged in protected activity under NJLAD.  (*Id*. at 9.)

    A.    **NOTICE REQUIREMENTS UNDER RULE 8**

As a preliminary matter, Amazon argues that the Amended Complaint should be dismissed in its entirety because it fails to meet the pleading requirements under Rule 8(a)(2).  Amazon argues that the Amended Complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  (Moving Br. at 5 (quoting *Radhakrishnan v. Pugliese*, Civ. No. 20-220, 2021 WL 11593799, at *1 (D.N.J. May 21, 2021)).  Amazon contends that this type of "group pleading" does not satisfy Rule 8, because it does not appropriately place defendants on notice of the claims against them.  (*Id.*)  The Court agrees.

Rule 8(a)(2) requires that a complaint set forth claims with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  The complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations.  *Dist. Council 47, Am. Fed'n of State,*

5

*Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, a plaintiff must "specify which defendants performed which acts." *Zuniga v. Am. Home Mortg.*, Civ. No. 14-2973, 2016 WL 886214, at *2 (D.N.J. Mar. 7, 2016).

Here, the Court finds that the Amended Complaint fails to separate liability for each named Defendant. Specifically, the Amended Complaint fails to specify any of Defendants' misconduct with enough specificity to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Instead, the Amended Complaint exclusively features group pleading, referring to all Defendants collectively throughout. The Amended Complaint refers to actions taken by "Defendants," without specifying which named defendant or defendants undertook which action. For example, in the Amended Complaint, Plaintiff alleges that "Plaintiff was employed by Defendants," "no disciplinary action was taken by Defendants," and "Plaintiff was subjected to gender identity harassment while working for Defendants." (FAC ¶¶ 14 ,63, 79.) Adding to the confusion is that, according to the Amended Complaint, references to "Defendants" only includes Metro One, Amazon, and John Does, with no mention of the omission of Defendant Amazon Fulfillment Services, Inc. and who is otherwise not mentioned in the Amended Complaint beyond being identified as a party. (*Id.* ¶¶6, 9.)

In addition, when pleading each of the counts, Plaintiff claims "Defendants are liable to Plaintiff for gender identity harassment, [discrimination, and retaliation]" under NJLAD without describing what any Defendant did, or how those alleged activities might be actionable. In other words, Plaintiff does not link any activities that she alleged elsewhere in the Amended Complaint with the causes of action. Instead, Plaintiff summarily asserts that "Defendants" are liable for each cause of action, leaving the Court and the Defendants to speculate as to which party Plaintiff is referring. "Thus, to the extent Plaintiff seeks to lump several defendants together without setting

forth what each defendant is alleged to have done, [she] has engaged in impermissibly vague group pleading." *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) (in the context of a motion to amend a complaint, the court found that the plaintiff's proposed allegations and causes of action were impermissible).

Because group pleading "undermines the notice pleading regime of Rule 8," the Complaint must be dismissed as it fails to place every named defendant on notice of the claims against them. *Japhet v. Francis E. Parker Mem'l Home, Inc.*, Civ. No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) (finding that a complaint that alleged "[two] Defendants undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when."); *see also Shaw v. Housing Auth. of Camden*, Civ. No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to allege which defendant was liable, noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants").

Accordingly, the Court finds that Plaintiff has failed to satisfy the notice requirement of Rule 8(a)(2), and the Amended Complaint will be dismissed against Amazon without prejudice. *See, e.g., Marshall v. Mfrs. Traders & Trust Co.*, Civ. No. 20-19421, 2023 WL 5928318, at *3 (D.N.J. Sept. 12, 2023) (finding same). Additionally, because the Amended Complaint suffers from these deficiencies in its entirety, it will be *sua sponte* dismissed without prejudice against all Defendants. *See Mazure v. Remington Arms Co., Inc.*, Civ. No. 22-2854, 2022 WL 2439196, at *3 (D.N.J. July 5, 2022) (finding same and citing cases).

## V. CONCLUSION

For the reasons stated above, the Court will GRANT Amazon's Motion and dismiss the Amended Complaint. The dismissal will be without prejudice and Plaintiff will be given leave to file a Second Amended Complaint within thirty (30) days. An appropriate Order will follow.

Date: April 30, 2025

                                                  s/ Zahid N. Quraishi
                                                  **ZAHID N. QURAISHI**
                                                  **UNITED STATES DISTRICT JUDGE**